525 So.2d 519 (1988)
SEMICONDUCTORS, INC., Petitioner,
v.
Carl J. GOLASA, Respondent.
No. 87-3337.
District Court of Appeal of Florida, Fourth District.
June 1, 1988.
W. Jay Hunston, Jr., of DeSantis, Cook, Kauffman, Gaskill, McCarthy, Schwartz & Hunston, P.A., North Palm Beach, for petitioner.
Scott G. Hawkins of Jones & Foster, P.A., West Palm Beach, for respondent.
PER CURIAM
The petition for writ of certiorari is hereby denied.
HERSEY, C.J., concurs.
GUNTHER, J., concurs specially with opinion.
ANSTEAD, J., dissents with opinion.
GUNTHER, Judge, concurring specially.
I concur with the majority opinion because this court lacks jurisdiction.
ANSTEAD, Judge, dissenting.
I would grant the petition which seeks to overturn a trial court order sanctioning the petitioner for failing to send a representative to a mediation proceeding with some authority to pay the respondent money damages for his claim of wrongful discharge. The petitioner's lawyer and another representative appeared at the conference but were not authorized to pay anything in settlement of the claim because the petitioner adhered to a position that it was not liable to the claimant. I do not believe the petitioner can be sanctioned for taking this stance at a court-ordered mediation conference. To hold otherwise is to turn mediation into a forced settlement proceeding, something not contemplated by the mediation rule.
Mediation is an excellent means of providing the parties with an opportunity to come together in a non-adversarial setting under the guidance of an expert at dispute resolution to determine if they can agree to a solution of their dispute without the need for a full-blown court trial and all the baggage *520 and risks such a trial involves. Under the mediation rule recently adopted by the Florida Supreme Court the parties may be compelled to participate in mediation. Few cases will fail to benefit in some way from such a mediation experience and many disputes will be resolved at that stage thereby benefitting both the parties, who should be much happier with an agreed resolution than a court-imposed one, and an overtaxed court system. However, mediation is not designed to force a settlement in any case, especially those cases where the lines are so clearly and solidly drawn that the parties, in absolute good faith, simply take diametrically opposed positions that ultimately require a court-imposed resolution after a trial on the merits. In the routine case involving the ultimate terms of a divorce or the amount of damages in a personal injury action, both sides have a substantial range of resolutions that they would probably find satisfactory. That's why mediation will work well in those cases. But that will not be true in all cases, and the parties cannot be sanctioned in those few instances for not agreeing to some settlement. If they can be sanctioned, it means mediation can be used to force a settlement and the words force and settlement simply do not fit together any more than mediation can be likened to a court-imposed resolution after a trial.